Rodney R. Parker (4110)
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, 11th Floor
Salt Lake City, Utah 84111
Telephone:  801.521.9000
Facsimile:  801.363.0400
rrp@scmlaw.com

John C. Ulin (*pro hac vice* to be filed)
ARNOLD & PORTER LLP
777 South Figueroa Street, Forty-Fourth Floor
Los Angeles, California  90017-5844
Telephone:  213.243.4000
Facsimile:  213.243.4199
john.ulin@aporter.com

Robert Alan Garrett (*pro hac vice* to be filed)
Hadrian R. Katz (*pro hac vice* to be filed)
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, D.C. 20004
Telephone:  202.942.5000
Facsimile:  202.942.5999
robert.garrett@aporter.com
hadrian.katz@aporter.com

*Attorneys for Plaintiff Nexstar Broadcasting, Inc.*

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NEXSTAR BROADCASTING, INC., | **COMPLAINT** |
| Plaintiff, | |
| vs. | **JURY DEMANDED** |
| AEREO, INC., | Civil No. 2:13-cv-975 |
| Defendant. | District Judge Dustin B. Pead |

Plaintiff Nexstar Broadcasting, Inc. ("Nexstar"), by its counsel, complains and alleges against Defendant Aereo, Inc. ("Aereo") as follows:

## NATURE OF THE CASE

1.      This copyright infringement action arises out of Aereo's unauthorized retransmission over the Internet of the copyrighted programming broadcast on television stations licensed by the Federal Communications Commission to serve the Salt Lake City market, including KTVX ABC 4 ("KTVX") and KUCW CW 30 ("KUCW"), both of which are owned by Nexstar.  Aereo's retransmissions are occurring without the consent of the affected broadcast stations or copyright owner, and infringe Nexstar's copyrights in the retransmitted programming. The purpose of this action is to restrain Aereo from exploiting without authorization, and violating Nexstar's rights in, its valuable intellectual property.

2.      In August 2013, Aereo began streaming over the Internet through its website the signals of numerous broadcast television stations in the Salt Lake City market.  Aereo's streaming includes the broadcasts of KTVX and KUCW.  Aereo offers and sells online access to its unauthorized retransmission service through its website www.aereo.com.  Aereo subscribers are able to view on their laptops, personal computers, and mobile devices, the content -- including copyrighted programming -- being televised by local stations, just like subscribers to a cable system can view the same programs by turning on their television sets.  Aereo provides this commercial service, which features Nexstar's and other local broadcasters' copyrighted television programming, without the authorization of any of the affected stations or copyright owners.

## JURISDICTION AND VENUE

3.      This is a civil action seeking injunctive relief and damages for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Aereo because it engages in copyright infringement in Utah by retransmitting, without authorization, KTVX's and KUCW's broadcast signals and Nexstar's copyrighted programming to Aereo subscribers located in the Salt Lake City area.  Further, according to Aereo's published materials, the equipment, servers, and technology Aereo uses to capture over-the-air broadcast signals and transmit them to Aereo subscribers in a particular city are located within that same geographic area (*i.e.*, the Salt Lake City technology is located in or around Salt Lake City).  Moreover, because the Aereo service is a commercial service, Aereo is profiting from Salt Lake City subscribers.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a) because, *inter alia*, a substantial part of the acts of infringement complained of herein occurs in this District.

## THE PARTIES

7.      Plaintiff Nexstar Broadcasting, Inc. is a Delaware corporation with its principal place of business at 5215 N. O'Connor Blvd., Suite 1400, Irving, Texas.  Nexstar owns and operates the television station KTVX, which is an FCC-licensed broadcast station that broadcasts to viewers over-the-air on digital channel 40 (virtual channel 4) in the Salt Lake City market. KTVX is affiliated with the ABC Television Network, and with the MeTV Network on its secondary digital channel.  Nexstar also owns and operates the television station KUCW, which is an FCC-licensed broadcast station that broadcasts to viewers over-the-air on digital channel 48 (virtual channel 30) in the Salt Lake City market.  KUCW is affiliated with the CW Television Network.  Nexstar is actively engaged, among other things, in the production and distribution of television programming and other copyrighted works, including local news and entertainment

programming.  Cable systems, satellite services, and other multichannel video programming distributors make retransmissions of KTVX and KUCW television broadcasts available to their subscribers, although, unlike Aereo, they negotiate and pay for the right to do so.

8.      On information and belief, Defendant Aereo, Inc. is a New York corporation with its principal place of business at 37-18 Northern Boulevard, Long Island City, New York 11101. On information and belief, the antenna farms, servers, and other equipment Aereo uses to provide its service to Salt Lake City subscribers are located in or around Salt Lake City, Utah.

### NATURE OF DEFENDANT'S UNLAWFUL CONDUCT

9.      Aereo operates an Internet and mobile streaming service, available at www.aereo.com, which captures the live broadcast television programming of local stations and streams it over the Internet to members of the public on Internet-enabled devices, including laptops and other computers, iPhones, iPads, and other mobile devices.  On information and belief, Aereo launched its service in Utah on August 19, 2013.  On that date Aereo began retransmitting the live broadcasts of local stations, including KTVX and KUCW, to subscribers within the state of Utah.

10.      Aereo claims to utilize tiny television antennas in data centers, along with data storage facilities and Internet connections to bring subscribers the Aereo service.  According to public statements by Aereo, the Aereo service functions by capturing the signals of television broadcast stations in their local markets and then streaming those signals over the Internet to customers on their wireless and other Internet-enabled devices, in order to enable them to watch or record the television programs being broadcast.  On information and belief, Aereo has established one or more facilities in the state of Utah at which Aereo receives and retransmits programming broadcast on local television stations, including KTVX and KUCW.

11.     Through its commercial service, Aereo provides its paying subscribers the ability to receive whichever broadcast station they choose, and ultimately the ability to watch live broadcast television programming over the Internet using any number of devices, including in public places.  In other words, through the Aereo service, Aereo has built a business founded, in part, on offering its subscribers "live" Internet and mobile retransmissions of, KTVX and KUCW television programming, without any authorization or license from Nexstar.  Aereo also claims to allow subscribers to pause and record broadcast stations' live television programming.

## COUNT ONE

### (Copyright Infringement)

12.     Nexstar incorporates by reference paragraphs 1 through 11 as if set forth herein.

13.     Nexstar, together with and through KTVX and KUCW, is actively engaged in the production, acquisition, and distribution of copyrighted entertainment products to the Salt Lake City market, including programs that television broadcast stations and other media outlets transmit, retransmit, or otherwise distribute to the public.

14.     Nexstar is the legal or beneficial owner of the copyrights in numerous programs, including local news and entertainment programming, that have been, and/or will be, exhibited over KTVX and KUCW in the Salt Lake City market.  A non-exhaustive list identifying representative samples of such television programs is set forth in **Exhibit A** ("TV Program(s)").

15.     Each such TV Program is an original audiovisual work that has been or will be fixed in a tangible medium of expression and constitutes copyrightable subject matter within the meaning of Section 102 of the Copyright Act, 17 U.S.C. § 102.  Each such TV Program has been or will be registered with the United States Copyright Office, or is or will be the subject of an application for registration filed with the Copyright Office.  Representative samples of the copyright registration certificates or other documentation demonstrating compliance with

Sections 408(f) and 411 of the Copyright Act, 17 U.S.C. §§ 408(f) & 411, and implementing Copyright Office regulations, corresponding to the TV Programs identified in Exhibit A, are attached as part of Exhibit A.

16.     On information and belief, Aereo has streamed or will stream without authorization, as part of the Aereo service, each TV Program and numerous other works in which Nexstar owns copyrights.

17.     Under Section 106 of the Copyright Act, 17 U.S.C. § 106, Nexstar owns the exclusive rights, among others, to reproduce copies of its copyrighted works, to distribute copies to the public of its copyrighted works, to publicly perform its copyrighted works, to publicly display its copyrighted works, and to make derivative works based upon its copyrighted works.

18.     Under Section 106 of the Copyright Act, 17 U.S.C. § 106, Nexstar also owns the exclusive rights to authorize others to exercise the rights set forth in the preceding paragraph 17.

19.     Neither Nexstar nor any other person authorized by Nexstar have granted any license, permission, or authorization to Aereo to exercise any of the rights set forth in paragraphs 17 and 18 or to authorize others to exercise such rights, respecting the TV Programs or any other works in which Nexstar owns copyrights.

20.     In offering the Aereo service, Aereo has exercised and will exercise (or has authorized or will authorize others to exercise) one or more of Nexstar's exclusive rights set forth in paragraphs 17 and 18 respecting the TV Programs and other works in which Nexstar owns copyrights.  As a result, Aereo directly infringes Nexstar's copyrights.

21.     Aereo additionally is secondarily or indirectly liable for copyright infringement as it (a) derives financial benefit from the infringing activity of others and has the right and ability to supervise or control the infringing activity; (b) purposefully and intentionally induces and encourages or materially contributes to the exercise by others of one or more of Nexstar's

exclusive rights set forth in paragraphs 17 and 18 respecting the TV Programs and other works in which Nexstar owns copyrights; and/or (c) has knowledge of or had reason to know of the copyrighted broadcast programming transmitted without authorization as part of the Aereo service, and caused, induced, or materially contributed to such infringement by providing the site, facilities, and/or other technology for the infringing activities in connection with the operation of the Aereo service.

22.     Aereo has committed and will commit, and/or has induced and encouraged and will induce and encourage, each act of copyright infringement with the knowledge that it was not authorized to exercise any of the rights (or authorize, induce, or encourage others to exercise any of the rights) set forth in paragraph 17 and 18 respecting the TV Programs and other works in which Nexstar owns copyrights.  Aereo's conduct thus has constituted and will constitute willful copyright infringement.

23.     Unless enjoined by this Court, Aereo will continue to cause Nexstar great and irreparable injury that cannot be fully compensated or measured in money.  Nexstar has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Nexstar is entitled to a preliminary and permanent injunction prohibiting infringement of Nexstar's copyrights and exclusive rights under copyright.

## DEMAND FOR JURY TRIAL

Nexstar hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Nexstar prays for judgment against Aereo as follows:

1.     For a declaration that Aereo directly and/or secondarily infringes one or more of Nexstar's exclusive rights under Section 106 of the Copyright Act when Aereo retransmits over

the Internet to subscribers using the Aereo system the TV Programs and other works in which Nexstar owns copyrights.

2.      For a preliminary and permanent injunction requiring that Aereo and Aereo's successors and assigns, parents, subsidiaries, affiliates, suppliers, officers, agents, servants, employees, and attorneys, and all those persons in active concert, participation, or privity with them, cease any and all infringement of Nexstar's rights under Section 106 of the Copyright Act in its copyrighted programming, including by retransmitting broadcasts of such programming over Aereo or any other service.

3.      For Nexstar's costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

4.      For impounding and disposition of infringing articles under 17 U.S.C. § 503.

5.      For such monetary relief, including statutory damages and/or actual damages, and pre- and post-judgment interest thereon, as the Court and/or a jury determine are appropriate and should be awarded against Aereo.

6.      For pre- and post-judgment interest on any monetary award made part of the judgment against Aereo.

7.      For such other and further relief as the Court may deem just and proper.

Dated:  October 24, 2013                    Respectfully submitted,


                                        /s/ Rodney R. Parker
                                   Rodney R. Parker (4110)
                                   SNOW, CHRISTENSEN & MARTINEAU
                                   10 Exchange Place, 11th Floor
                                   Salt Lake City, Utah 84111
                                   Telephone:  801.521.9000
                                   Facsimile:  801.363.0400
                                   rrp@scmlaw.com

                                   John C. Ulin (*pro hac vice* to be filed)
                                   ARNOLD & PORTER LLP
                                   777 South Figueroa Street, Forty-Fourth Floor
                                   Los Angeles, California  90017-5844
                                   Telephone:  213.243.4000
                                   Facsimile:  213.243.4199
                                   john.ulin@aporter.com

                                   Robert Alan Garrett (*pro hac vice* to be filed)
                                   Hadrian R. Katz (*pro hac vice* to be filed)
                                   ARNOLD & PORTER LLP
                                   555 12th Street, N.W.
                                   Washington, D.C. 20004
                                   Telephone:  202.942.5000
                                   Facsimile:  202.942.5999
                                   robert.garrett@aporter.com
                                   hadrian.katz@aporter.com

                                   *Attorneys for Plaintiff Nexstar*
                                   *Broadcasting, Inc.*


64864598v3